## NATIONAL LABOR RELATIONS BOARD v. GARFUNKEL et al.

### No. 129, Docket 20356.

Circuit Court of Appeals, Second Circuit.
July 1, 1947.

William J. Avrutis, of Washington, D. C., for the petitioner.

Arnold Cohen, of New York City, for Local No. 452 of the American Federation of Labor.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

PER CURIAM.

In the autumn and winter of 1943, the Congress of Industrial Organizations tried unsuccessfully to organize the employees in the respondents' factory; but the Board has found, on evidence that we must accept, that its failure was due to active intervention and opposition by the respondents themselves. So matters rested until August 1944, when there is testimony, which again we must accept as sufficient, supporting the Board's conclusion that the American Federation of Labor started in to organize the employees after a majority of the employees had already signed up with the Congress of Industrial Organizations. Indeed, it is significant that at the hearings the Federation never produced its membership cards, but kept insisting that the Board should produce photostats in its possession. Again it is at best doubtful when the Federation contract with the respondents was signed; there was evidence to justify the conclusion that it was not signed until August 24th (the typewritten date in the corner); and so the Board found. That was three days after the Congress's organizer, Scida, had demanded bargaining rights for his union on the claim that it represented a majority of the employees. We seldom have a case where the evidence gives better support to the Board's findings.

Nor can we see the least ground for saying that the examiner was unfair during the hearings; on the contrary he appears to have let in all the testimony of any

consequence which the Federation desired. It was not an error to allow the Board's attorney to cross-examine the respondents, or those of its supervisory employees who were charged with unfair labor practises, even though the Board had called them.[1] The fact that the examiner was distantly related to one of the firm which represented the respondents is too trivial to justify discussion. Finally, it was for the Board to say when the time is proper for a new election.[2]

The usual enforcement order will pass.

---

[1] Rule 43(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] National Labor Relations Board v. P. Lorillard Co., 314 U.S. 512, 62 S.Ct. 397, 86 L.Ed. 380.